UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael Singh,<br><br>                    Plaintiff,<br>   -v-<br><br>Club Care, Inc., and<br>Marc Lublin,<br><br>                    Defendants. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Michael Singh ("Plaintiff" or "Singh"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendant Club Care, Inc. and Marc Lublin (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendants for working and not being paid at a rate of at least the applicable FLSA minimum wage rate for each and all hours worked in a week – such as for time worked in Plaintiff's last week of his employment with Defendants; and (iii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, and (ii) entitled to unpaid minimum wages from Defendants for working and not being paid at a rate of at least the applicable New York State minimum wage rate, for each hour he worked for Defendants in a week – such as for time worked in Plaintiff's last week of his

1

employment with Defendants; and (iii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, including his unpaid minimum wages, overtime wages, wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages – including liquidated damages on all wages paid later than weekly, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Michael Singh ("Plaintiff" or "Singh") is an adult, over eighteen years old, who currently resides in Queens County, New York.

8. Upon information and belief and all times relevant herein, Defendant Club Care, Inc. ("Club Care") was a New York for-profit corporation.

9. Upon information and belief and at all times relevant herein, Defendant Marc Lublin

("Lublin") owned, operated and managed, the corporate Defendant and Plaintiff's employment with Defendants.

10. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

11. Upon information and belief, Defendants shared places of business in Nassau County, New York at 235 Robbins Ln # D, Syosset, NY 11791, where Plaintiff was employed by Defendants.

12. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were engaged in the gym equipment repair business.

14. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly owned and/or operated several locations and employed about 30 or more employees.

15. Plaintiff was employed by Defendants, individually and/or jointly, from in or around October 2021 to on or about June 2, 2022.

16. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, as a manual worker within the meaning of NYLL § 191(1)(a)(i) – performing a wide variety of repetitive manual and physical work such as lifting, moving, transporting and, repairing gym equipment throughout his workday, etc.

17. At all times relevant herein, Plaintiff was and hourly employee of Defendant and his last regular hourly rate of pay was about $15 an hour.

18. At all times relevant herein, Plaintiff worked about 42.5 to 45 or more hours each week for Defendants; 5 or more days a week but Plaintiff was not paid for each and all hours worked in each week. Plaintiff was paid for about 40 hours or less each week and was not paid any wages for his overtime hours each week (weekly hours over 40), with the exception of 1-2 weeks.

19. In addition to the unpaid wages in paragraph 18, for the bi-weekly pay period May 14, 2022 to May 27, 2022, Plaintiff worked at least 72 hours for Defendants who gave him a check for this pay period in the amount of $853.72 -- $1,080 gross before taxes. However, after Plaintiff deposited this check, Defendants placed a stop payment on the check and the check bounced. As a result, Plaintiff was not paid any wages by Defendants including required overtime wages and minimum wages by Defendants for the bi-weekly pay period May 14, 2022 to May 27, 2022. In addition, Plaintiff had to pay his bank $30 or more in fee charges because of the stop payment placed by Defendants that resulted in the bouncing of the check issued by Defendants to Plaintiff.

20. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week.

21. Defendants failed and willfully failed to pay Plaintiff a rate of at least the applicable federal or New York State minimum wage rate for each and all hours worked for each week during his employment with Defendants as set forth in paragraph 18 and 19.

22. At all times relevant herein, Defendants paid Plaintiff later than weekly - on a bi-weekly basis in violation of NYLL § 191 (1)(a)(i). See i.e. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't, 2019).

23. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

24. At all times relevant herein, neither Defendant provided Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff, all wages earned nor Plaintiff's overtime rate of pay, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

25. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

26. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

27. Upon information and belief, and at all times relevant herein, Defendants conducted business with vendors and other businesses outside the State of New York.

28. Upon information and belief, and at all times relevant herein, Defendants conducted business in interstate commerce involving the purchase of gifts, household, personal and other items and souvenirs, and other essential supplies for their business.

29. Upon information and belief, and at all times relevant herein, Defendants as a regular part of their business, made payment of taxes and other monies to agencies and entities outside the State of New York.

30. Upon information and belief, and at all times relevant herein, engaged in credit card transactions involving banks and other institutions outside the state of New York.

31. Upon information and belief, and at all times relevant herein, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

32. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff

utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendants and Plaintiff's employment with Defendants.

33. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

34. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

35. "Plaintiff" as used in this complaint refers to the named Plaintiff.

36. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. - Unpaid Overtime

37. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

38. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

39. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206, 207.

40. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

41. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

42. Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff at a rate of at least the federal FLSA minimum wage rate of pay for each hour worked in a work week, in violation of 29 U.S.C. § 206.

### Relief Demanded

43. Due to Defendants' FLSA violations, plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid minimum wages, overtime compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.1, 142-2.2 (Unpaid Min. Wage + Overtime)

44. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

46. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

47. Defendants, individually and/or jointly, failed to pay Plaintiff at a rate of at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation

of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.1.

### Relief Demanded

48. Due to defendants New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid minimum wages, overtime and prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

49. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 47 above with the same force and effect as if fully set forth at length herein.

50. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

51. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff his unpaid wages – including unpaid overtime wages, wage deductions, Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

52. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing defendants to comply with NYLL 195(1).

53. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is

8

therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

54. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid minimum wages, overtime wages, wage deductions, maximum liquidated damages – including liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

58. As to the **First Cause of Action**, award Plaintiff his unpaid minimum wages, overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

59. As to his **Second Cause of Action**, award Plaintiff his unpaid minimum wages and overtime wages, due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to his **Third Cause of Action**, award Plaintiff all unpaid wages, including unpaid minimum wages, non-overtime wages, overtime wages, wage deductions, plus maximum liquidated damages – including liquidated damages on all wages paid later than weekly,

maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing defendants to comply with NYLL 195(1) and NYLL 195(3).

61. Award Plaintiff prejudgment interest on all monies due;

62. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

63. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **June 30, 2022**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF